*Lina Stillman, Esq.*
*Stillman Legal, P.C.*
*42 Broadway, 12t Floor*
*New York, New York 10004*
*Tel (212) 203-2417*
*www.StillmanLegalPC.com*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------X

MIGUEL ANGEL RODRIGUEZ, ANDREUDIZ PEREZ, RONALD DOMINGUEZ, DEIVIS AGUSTIN DEOLEO, XAVIER MARTINEZ, and DANNY TEJADA,
*individually and on behalf of others similarly situated*
     Plaintiffs,

v.

MECCA HALAL MEAT INC. (DBA AMERICAN HALAL MEATS INC.) AND OMAR MADY
     Defendants,
-------------------------------------------X

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & F.R.C.P. 23 CLASS ACTION**

COMPLAINT

  Plaintiffs Miguel Angel Rodriguez, Andreudiz De Jesus Ramos, Ronald Dominguez, Deibis Deoleo Brito, Xavier Martinez, and Danny Tejada (hereafter referred to as "Plaintiffs"), on behalf of themselves and other similarly situated, by and through their attorneys, Stillman Legal P.C, hereby brings this complaint against Defendants Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) and Omar Mady (collectively as "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiffs, on behalf of themselves as well as other

employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by failing to pay its employees all their hours, including Plaintiffs.

3. Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Corporate Defendants work or worked.

4. Plaintiffs allege, pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages, (2) liquidated damages, (3) prejudgment and post-judgment interest, and/or (4) attorneys' fees and costs.

5. Plaintiffs further allege, pursuant to New Jersey State Wage and Hour Law ("NJWHL") that they are entitled to recover from the Defendants: (1) unpaid wages (2) liquidated damages equal to the sum of unpaid salaries, (3) prejudgment interest. (4) post-judgment interest, and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C.

   §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

8. From on or about March 2020, Plaintiff Miguel Angel Rodriguez (Rodriguez) was employed by Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) and Omar Mady, located at 270 Raymond Blvd Newark, NJ, 07105 delivering halal meats and continues to work for Defendants.

9. From on or about December 2021, Plaintiff Andreudiz De Jesus Ramos (Ramos) was employed by Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) and Omar Mady located at 270 Raymond Blvd Newark, NJ, 07105, as an assistant, and continues to work for Defendants.

10. From on or about July 2022, Plaintiff Ronald Dominguez (Dominguez) was employed by Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) and Omar Mady located at 270 Raymond Blvd Newark, NJ, 07105, delivering Halal meats, and continues to work for Defendants..

11. From on or about 2019, Plaintiff Deibis Deoleo Brito (Brito) was employed by Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) and Omar Mady

located at 270 Raymond Blvd Newark, NJ, 07105, delivering meats, and he ceased working there in January 2023.

12. From on or about June 28, 2014, Plaintiff Xavier Martinez (Martinez) was employed by Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) and Omar Mady located at 270 Raymond Blvd Newark, NJ, 07105, delivering halal meats, and continues to work for Defendants.

13. From on or about June 2021, Plaintiff Danny Tejada (Tejada) was employed by Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) and Omar Mady located at 270 Raymond Blvd Newark, NJ, 07105, delivering meats, and continues to work for Defendants.

## **DEFENDANTS**

### *Corporate Defendants*

14. Defendant Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) is a domestic business corporation organized under the State of New Jersey laws with a principal address at 270 Raymond Blvd Newark, NJ, 07105.

15. Upon information and belief, Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) is a business engaged in interstate commerce with gross sales over five hundred thousand dollars ($500,000) per year.

16. Upon information and belief, Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) purchased and handled goods moved in interstate commerce.

### *Owner/ Operator Defendants*

17. Owner/ Operator Defendants Omar Mady acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated

thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

18. Upon information and belief, Omar Mady known as "Boss" to Plaintiffs, determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established work schedules and workload of the employees, maintained employee records, and had the authority to hire and fire employees.

19. Omar Mady in fact, did hire Miguel Angel Rodriguez, Andreudiz De Jesus Ramos, Ronald Dominguez, Deibis Deoleo Brito, Xavier Martinez, and Danny Tejada, to determine their workload and work schedule.

20. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring their NJWHL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period").

22. All said persons, including the plaintiffs, are referred to herein as the "Class."

23. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from the Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from

Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

24. The proposed Class is so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

25. There are questions of law and fact common to the Class which predominates over any questions affecting only individual class members, including:

   a. Whether Defendant employed Plaintiffs and the Class within the meaning of the NJWHL;

   b. Whether Plaintiffs and Class members are entitled to and paid overtime under the NJWHL;

   c. Whether Defendants maintained policy, pattern, and/or practice of failing to provide requisite statutory meal periods;

   d. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

   e. At what common rate, or rates subject to a common method of calculation was and are Defendants required to pay the Class members for their work;

*Typicality*

26. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

27. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  The plaintiffs are represented by attorneys who are experienced and competent in representing the plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to prosecute a lawsuit against corporate defendants vigorously. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

Because the losses, injuries, and damages suffered by each of the individual Class members are small in a sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would significantly save these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

29. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees often fear asserting their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, allowing for the vindication of their rights while eliminating or reducing these risks.

## **STATEMENT OF FACTS**

30. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully owed wages by concealing the amount of hours that plaintiffs worked.

31. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

### *Plaintiff MIGUEL ANGEL RODRIGUEZ*

32. From on or about March 2020 until this date, Plaintiff Miguel Angel Rodriguez has been employed by Defendants to do deliveries at Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) located at 270 Raymond Blvd Newark, NJ, 07105.

33. At all relevant times, Plaintiff worked from 10:00 A.M. to 11:00 P.M. or 12:00 P.M. from Monday to Friday, and Tuesdays are off. His schedule on Friday is from 9:00 A.M. to 1:00 A.M. or 2:00 A.M. He works for approximately thirteen or sixteen (13-16) hours each day for four (4) days each week, for fifty-six (56) hours each week.

34. Plaintiff did not have to punch in or out at all relevant times.
    At all relevant times, Plaintiff was paid a flat compensation of four hundred and thirty-six dollars ($436) every week by check. (SEE EXHIBIT) or 32 Hours Per week, even though he works a standard fifty-six (56) hour week.

### *Plaintiff ANDREUDIZ DE JESUS RAMOS*

35. From on or about December 2021 until this date, Plaintiff Andreudiz De Jesus Ramos was employed by Defendants to work as an assistant at Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) located at 270 Raymond Blvd Newark, NJ, 07105.

36. At all relevant times, Plaintiff worked from 9:30 A.M. to 11:00 P.M. from Monday to Friday, and Tuesdays are off. His schedule on Friday is from 9:30 A.M. to 4:00

A.M. He works for approximately thirteen or eighteen (13-18) hours each day for four (4) days each week, for fifty-nine (59) hours each week. However, his paychecks only reflect part-time hours.

37. At all relevant times, Plaintiff did not have to punch in or out.

38. At all relevant times, Plaintiff was paid $16 dollars an hour. He is paid four hundred twenty dollars ($420) every week in a mix of cash and check. He was credited with only working 26 hours per week.

### *Plaintiff RONALD DOMINGUEZ*

39. From on or about July 2022 until this date, Plaintiff Ronald Dominguez was employed by Defendants to work as a driver at Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) located at 270 Raymond Blvd Newark, NJ, 07105.

40. At all relevant times, Plaintiff worked from 9:00 A.M. to 9:00 P.M. from Monday to Friday, and Thursdays are off. He works for approximately twelve (12) hours each day for four (4) days each week, for forty-eight (48) hours each week.

41. Plaintiff did not have to punch in or out at all relevant times.

42. At all relevant times, Plaintiff was paid a flat compensation of five hundred and eleven dollars ($511) every week in a check. He was credited with working only 32 or 36 hours per week when he, infact worked up to 45 hours per week.

### *Plaintiff DEIBIS DEOLEO BRITO*

43. From on or about 2019 until January 2023, Plaintiff Deibis Deoleo Brito was employed by Defendants to work as a driver at Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) located at 270 Raymond Blvd Newark, NJ, 07105.

44. At all relevant times, Plaintiff worked from 10:30 A.M. to 12:00 A.M. from Monday to Friday, on Fridays he used to work until 2:00 A.M. or 3:00 A.M. He worked for approximately thirteen to fifteen (13-15) hours each day for four (4) days each week, for fifty-two (52) hours each week.

45. Plaintiff did not have to punch in or out at all relevant times.

46. At all relevant times, Plaintiff was paid a flat compensation of six hundred and twenty dollars ($620) every week in a check. However, he was credited with only 32 hours per week, instead of 40.

### Plaintiff XAVIER MARTINEZ

47. From on or about June 28, 2014, until this date, Plaintiff Xavier Martinez was employed by Defendants to work as a driver at Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) located at 270 Raymond Blvd Newark, NJ, 07105.

48. At all relevant times, Plaintiff worked from 10:30 A.M. to 11:00 P.M. from Monday to Friday, and Tuesdays are off. His schedule on Friday is from 10:30 A.M. to 4:00 A.M. He works for approximately twelve or sixteen (12-16) hours each day for four (4) days each week, for fifty-four (54) hours each week.

49. Plaintiff did not have to punch in or out at all relevant times.

50. At all relevant times, Plaintiff was paid a flat compensation of five hundred and seventy-two dollars ($572) every week, $332 in a check, and the rest in cash. $19 per hour. He was only credited with working a part-time schedule when he in fact, worked over 40 hours per week

### Plaintiff DANNY TEJADA

51. From on or about June 2021, until this date, Plaintiff Danny Tejada was employed by Defendants to work as a driver at Mecca Halal Meat Inc. (DBA American Halal Meats Inc.) located at 270 Raymond Blvd Newark, NJ, 07105.

52. At all relevant times, Plaintiff worked from 10:00 A.M. to 1:00 A.M. or 3:00 A.M. from Monday to Friday, and Thursdays are off. He works for approximately fifteen or seventeen (15-17) hours each day for four (4) days each week, for sixty (60) hours each week.

53. At all relevant times, Plaintiff did not have to punch in or out.

54. At all relevant times, Plaintiff was paid $160 per day, with direct deposit.

## STATEMENT OF CLAIMS

### COUNT I.
**Violations of the Fair Labor Standards Act—Minimum Wage and Overtime Brought on behalf of the Plaintiff and the FLSA Collective**

55. The plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

56. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

57. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid

overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

58. Defendants' failure to pay the Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

59. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to the Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

60. The FLSA and supporting regulations require employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R.

§516.4.

61. Defendants willfully failed to notify the Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

62. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate the Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II.**
**[Violation of New Jersey Labor Law—Overtime Pay**

**Brought on behalf of Plaintiff and Rule 23 Class]**

63. Plaintiffs re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

64. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to the Plaintiffs at one and one-half times the hourly rate the Plaintiffs and the class are entitled to.

65. Defendant's failure to pay the Plaintiffs was not in good faith.

66. By failing to pay the Plaintiffs and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid wages and overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs, and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

Authorizing the Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of a court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied

premium overtime wages;

    a) Certification of this case as a collective action pursuant to FLSA;

    b) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing the Plaintiffs and their counsel to represent the Collective Action Members;

    c) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

    d) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

    e) An award of unpaid overtime wages due under FLSA NJWHL plus compensatory and liquidated damages;

    f) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay legal wages pursuant to 29 U.S.C. §216;

    g) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, pursuant to the NJWHL;

    h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

    i) The cost and disbursements of this action;

j)     An award of prejudgment and post-judgment fees; and

k)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: March 30, 2023

By: _____
Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*

| | | | | |
|---|---|---|---|---|
| SEQ 001435 | | | | |
| Company Code | Loc/Dept | Number | Page | **Earnings Statement**  |
| RZ / LPS 22956961 | 01/1 | 41178638 | 1 of 1 | |
| Mecca Halal Meat Inc | | | | |
| 270 Raymond Blvd | | | | Period Starting: 12/20/2021 |
| Newark, NJ 07105 | | | | Period Ending: 12/26/2021 |
| | | | | Pay Date: 12/27/2021 |

Taxable Marital Status: Single
Exemptions/Allowances:   Tax Override:
  Federal:   0            Federal:
  State:     0            State:
  Local:     0            Local:
Social Security Number: XXX-XX-XXXX

DEIBIS DEOLEO BRITO
228 ROOSEVELT BARRAZA
APT 2
UNION CITY, NJ 07087

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 15.0000 | 30.00 | 450.00 | 8968.00 |
| **Gross Pay** | | | **$450.00** | **$8,968.00** |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 30.00 | 648.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -41.06 | 578.82 |
| Social Security | -27.90 | 556.02 |
| Medicare | -6.53 | 130.04 |
| New Jersey State Income | -7.08 | 137.80 |
| New Jersey State UI | -1.92 | 38.13 |
| New Jersey State DI | -2.11 | 42.14 |
| New Jersey FLI | -1.26 | 25.12 |

**Important Notes**
Basis of pay: Hourly

| Voluntary Deductions | this period | year to date |
|---|---|---|
| Child support 1 | -136.00 | 3459.57 |

| **Net Pay** | | **$226.14** |
|---|---|---|

Your federal taxable wages this period are $450.00

© 1998, 2006, ADP, INC All Rights Reserved.

SEQ 001527

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| RZ / LPS 22956961 | 01/1 | 41442663 | 1 of 1 |

**Earnings Statement**

ADP

Mecca Halal Meat Inc
270 Raymond Blvd
Newark, NJ 07105

Period Starting: 01/16/2023
Period Ending: 01/22/2023
Pay Date: 01/23/2023

Taxable Marital Status: Married
Exemptions/Allowances:  Tax Override:
 Federal: 2  Federal:
 State: 0  State:
 Local: 0  Local:
Social Security Number: XXX-XX-XXXX

Xavier Martinez
28 Van Wagenan St
Newark, NJ 07104

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 19.0000 | 32.00 | 608.00 | 1824.00 |
| **Gross Pay** | | | **$608.00** | **$1,824.00** |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 32.00 | 96.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -15.80 | 80.48 |
| Social Security | -37.70 | 113.09 |
| Medicare | -8.82 | 26.45 |
| New Jersey State Income | -10.24 | 30.72 |
| New Jersey State UI | -2.58 | 7.75 |
| New Jersey State DI | 0.00 | 0.00 |
| New Jersey FLI | -0.36 | 1.09 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| Child support 1 | -200.00 | 600.00 |

| | | |
|---|---|---|
| **Net Pay** | | **$332.50** |

**Important Notes**
Basis of pay: Hourly

Your federal taxable wages this period are $608.00

```
SEQ 000768
Company Code      Loc/Dept   Number   Page
RZ / LPS 22956961  01/1     41438372 1 of 1
Mecca Halal Meat Inc
270 RaymondBlvd
Newark, NJ 07105
```

# Earnings Statement

**ADP**

Period Starting:  01/09/2023
Period Ending:   01/15/2023
Pay Date:        01/13/2023

Taxable Filing Status: Single
Exemptions/Allowances:
  Federal:  Std W/H Table
  State:    0
  Local:    0
Social Security Number: XXX-XX-XXXX

Tax Override:
  Federal:
  State:
  Local:

**MIGUEL ANGEL RODRIGUEZ DOMINGUEZ**
**565 BERGEN AVE APT 6**
**JERSEY CITY, NJ 37304**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 16.0000 | 32.00 | 512.00 | 1024.00 |
| **Gross Pay** | | | **$512.00** | **$1,024.00** |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 32.00 | 64.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -25.25 | 50.50 |
| Social Security | -31.75 | 63.49 |
| Medicare | -7.43 | 14.85 |
| New Jersey State Income | -8.32 | 16.64 |
| New Jersey State UI | -2.17 | 4.35 |
| New Jersey State DI | 0.00 | 0.00 |
| New Jersey FLI | -0.30 | 0.61 |
| **Net Pay** | **$436.78** | |

**Important Notes**
Basis of pay: Hourly

Your federal taxable wages this period are $512.00

© 1998, 2006. ADP, INC. All Rights Reserved.

▼ TEAR HERE

```
SEQ 001529                                          Earnings Statement                    ADP
Company Code      Loc/Dept    Number   Page
RZ / LPS 22956961  01/1       4144266  1 of 1
Mecca Halal Meat Inc                                Period Starting:  01/16/2023
270 Raymond Blvd                                    Period Ending:    01/22/2023
Newark, NJ 07105                                    Pay Date:         01/23/2023
```

Taxable Filing Status: Single
Exemptions/Allowances:
  Federal:   Std W/H Table
  State:     0
  Local:     0
Social Security Number: XXX-XX-XXXX

Tax Override:
  Federal:   0.00 Addnl
  State:
  Local:

MIGUEL ANGEL RODRIGUEZ DOMINGUEZ
565 BERGEN AVE APT 6
JERSEY CITY, NJ 37304

| rate | hours/units | this period | year to date |
|---|---|---|---|
| 16.0000 | 32.00 | 512.00 | 1536.00 |
| **Gross Pay** | | **$512.00** | **$1,536.00** |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -25.25 | 75.75 |
| Social Security | -31.74 | 95.23 |
| Medicare | -7.42 | 22.27 |
| New Jersey State Income | -8.32 | 24.96 |
| New Jersey State UI | -2.18 | 6.53 |
| New Jersey State DI | 0.00 | 0.00 |
| New Jersey FLI | -0.31 | 0.92 |

**Net Pay** $436.78

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 32.00 | 96.00 |

**Important Notes**
Basis of pay: Hourly

Your federal taxable wages this period are $512.00

© 1998, 2006. ADP, INC All Rights Reserved.
▼ TEAR HERE